IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
APR 13 2022
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:22cr94-ECM-SMD |
| | ) | [18 U.S.C. § 371; |
| BRANDON LACORY MOORE and | ) | 18 U.S.C. § 922(g)(1); |
| TABITHA BANDY-EVANS | ) | 18 U.S.C. § 922(a)(6)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

### COUNT 1
(Conspiracy)

Beginning at an unknown date and continuing until on or about July 30, 2020, in the Middle District of Alabama, the defendants,

BRANDON LACORY MOORE and
TABITHA BANDY-EVANS,

knowingly and willfully conspired and agreed to commit an offense against the United States, to wit: Making a false statement during the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6). In furtherance of the conspiracy and to achieve its objective, the defendants committed the following overt act within the Middle District of Alabama: Executing an ATF Form 4473 on or about July 14, 2020, in Montgomery County, Alabama, at a Federal Firearms Licensee, which contained false information, to wit: a representation that Bandy-Evans was the actual purchaser of the firearms when in fact she was not. All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Possession of a Firearm by a Convicted Felon)

On or about May 27, 2021, in Crenshaw County, within the Middle District of Alabama, the defendant,

**BRANDON LACORY MOORE,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term in excess of one year, knowingly possessed a firearm and ammunition, to wit: a Sig Sauer P230 .380 semiautomatic pistol and live ammunition, better descriptions of which are unknown, and the firearm and ammunition were in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 3
(Making a False Statement During the Purchase of a Firearm)

On or about July 14, 2020, in Montgomery County, within the Middle District of Alabama, the defendant,

**TABITHA BANDY-EVANS,**

in connection with the acquisition of a firearm, namely a Springfield Armory Hellcat 9mm semiautomatic handgun, from City Pawn Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral and written statement to City Pawn Shop, which statement was intended and likely to deceive City Pawn Shop as to a fact material to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant represented that she was the actual purchaser of the firearm when she in fact was not. All in violation of Title 18, United States Code, Section 922(a)(6).

## FORFEITURE ALLEGATION

A.      The allegations contained in Counts 2 and 3 of this Indictment are hereby realleged

and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

B. Upon conviction of the offenses in violation of Title 18, United States Code, Section 922(a)(6) or (g)(1) set forth in Counts 2 and 3 of this Indictment, the defendants,

BRANDON LACORY MOORE and<br>TABITHA BANDY-EVANS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses in violation of Title 18, United States Code, Section 922(a)(6) or (g)(1). The property includes, but is not limited to: a Sig Sauer, model P230, .380 semiautomatic pistol, bearing serial number 58H011470 and live ammunition.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson

SANDRA J. STEWART
UNITED STATES ATTORNEY

_____
Brandon W. Bates
Assistant United States Attorney

_____
Eric M. Counts
Assistant United States Attorney

4